Jesse M. GARCIA, Jr., Appellant,

v.

John W. TURNER, Appellee.

No. 6854.

United States Court of Appeals
Tenth Circuit.

Dec. 19, 1961.

Phil L. Hansen, Salt Lake City, Utah, for appellant.

Walter L. Budge and Ronald N. Boyce, Salt Lake City, for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

MURRAH, Chief Judge.

Appellant was convicted in a District Court of the State of Utah of the crime of murder in the first degree and sentenced to death. The Supreme Court of the State of Utah affirmed the conviction, State v. Garcia, 11 Utah 2d 67, 355 P.2d 57, and the Supreme Court of the United States denied certiorari, 366 U.S. 970, 81 S.Ct. 1934, 6 L.Ed.2d 1259. Appellant then filed with the United States District Court, District of Utah, a habeas corpus application wherein he sought to set aside his state court conviction on the sole ground that he was deprived of the right to be present at all stages of his trial and was thus denied due process of law. This appeal is from an order denying the application.

Our question arose during a recess in the trial and after both sides had rested, when a juror approached the trial judge and made inquiry as to whether the prosecution or the defense would introduce recorded conversations between two of the defendants, stating that it was important because he "could not get an answer to a question in his mind as to who did the stabbing." The judge advised the juror that the question would be referred to counsel, which was done. Appellant contends that this conversation between the judge and the juror, in his absence, contravened his right to be present at every stage of the trial.

The Supreme Court of Utah was of the view that "(A)lthough it would be improper for the trial judge when thus approached by a juror to discuss with the juror the problem which he presented, in this case the judge acted properly and did not attempt to solve the juror's problems, but merely told him he would ask counsel about it * * *" and that "(T)he juror's conversation with the judge was not a part of the trial * * *." Although we agree that the incident here in question was not a part of the "trial," the distinction is immaterial. Matters not directly a part of the actual proceedings may so affect the trial itself as to be an inseparable part of due process of law, and our inquiry is whether the suspect conversation, regardless of when it occurred, served to void the trial of the fundamental fairness vouchsafed by the Fourteenth Amendment. See Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543. It is clear that the constitutional concepts of fairness, as encompassed within the guarantee of "due process of law," do not require the presence of an accused when his "presence would be useless, or the benefit a mere shadow." Snyder v. Commonwealth of Massachu-

setts, 291 U.S. 97, 107, 54 S.Ct. 330, 332, 78 L.Ed. 674. Here, appellant's presence when the conversation took place would have been purposeless.

The conversation itself did not engender any unfair advantage for the prosecution or place appellant in any less favorable position. The trial judge did not express any opinion as to appellant's guilt or innocence, nor did he comment on the weight or sufficiency of the evidence, or otherwise discuss the trial, and the parties, upon learning of the conversation, did not thereafter change their positions.

Affirmed.